IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BYRON KEITH CANNON, # 254379,  )
                               )
             Petitioner,        )
                               )
    v.                          )     Civil Action No. 2:14cv1148-MHT
                               )                (WO)
KENNETH JONES, *et al.*,         )
                               )
             Respondents.       )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I.   INTRODUCTION

Petitioner Byron Keith Cannon ("Cannon"), an Alabama inmate at Bullock Correctional Facility in Union Springs, filed this *pro se* petition seeking habeas corpus relief under 28 U.S.C. § 2254.  Doc. 1.  Cannon is incarcerated on a conviction and 8-year sentence imposed by the Elmore County Circuit Court for the offense of possession of obscene matter containing a visual depiction of a person under the age of 17, in violation of § 13A-12-192(b), Ala. Code 1975.  He challenges the Alabama Department of Corrections' ("ADOC") denial of correctional incentive time deductions in calculating his minimum release date.

## II.   DISCUSSION

Cannon contends that he may earn correctional time and that because the ADOC has denied his eligibility for such credit, he is being unlawfully held beyond the end of his sentence.  Doc. No. 1 at 5.

Section 14-9-41 of the Alabama Correctional Incentive Time Act ("ACITA")

provides, in pertinent part:

>    (a)   Each prisoner who shall hereafter be convicted of any offense against the laws of the State of Alabama and is confined, in execution of the judgment or sentence upon any conviction, ... other than for life, whose record of conduct shows that he has faithfully observed the rules for a period of time to be specified by this article may be entitled to earn a deduction from the term of his sentence....

>    ....

>    (e)   Provided, however, no person may receive the benefits of correctional incentive time if he or she has been convicted of a Class A felony or has been sentenced to life, or death, or who has received a sentence for more than 15 years in the state penitentiary. . . . *No person may receive the benefits of correctional incentive time if he or she has been convicted of a criminal sex offense involving a child as defined in Section 15-20-21(5)....*

Ala. Code § 14-9-41(a)-(e) (emphasis added).  Section 15-20-21(5) defines a criminal sex offense involving a child to include "[a] conviction for any criminal sex offense in which the victim was a child under the age of 12 and *any offense involving child pornography*."  Ala. Code § 15-20-21(5) (emphasis added).  Alabama's child pornography statutes proscribe dissemination, display, possession, and production of obscene matter depicting persons less than 17 years of age.  *See, e.g.*, §§ 13A-12-190(16) & 13A-12-191 through -198, Ala. Code 1975.  Cannon was convicted of possession of obscene matter containing a visual depiction of a person under the age of 17, in violation of § 13A-12-192(b), Ala. Code 1975.  Therefore, under Ala. Code §§ 14-9-41(e) & 15-20-21(5), Cannon is ineligible for correctional incentive time deductions.[1]  The DOC correctly denied Cannon such deductions in calculating his

---

[1]In June 2015, Ala. Code § 14-9-41(e) was amended to provide that the definition of a sex
(continued...)

minimum release date, and the state courts correctly denied his challenge to the ADOC's decision.

Moreover, even an Alabama inmate eligible for correctional incentive time deductions has no constitutional right or entitlement to receive these deductions from the term of his sentence, nor is any such right created by state law, as granting such deductions under Alabama Code § 14-9-41 is discretionary. *See Conlogue v. Shinbaum*, 949 F.2d 378, 380–381 (11th Cir. 1991); *Sandin v. Conner*, 515 U.S. 472 (1995). Although § 14-9-41 contains language delineating which inmates are eligible to receive correctional incentive time – language that bars Cannon from eligibility – the statute does not create an interest in receiving correctional incentive time upon meeting the requisite eligibility criteria, nor does it contain any explicit mandatory language that restricts the discretion of persons charged with deciding whether an inmate should be granted these time deductions. While the eligibility criteria are prerequisites, the statute does not establish a right to receive incentive-time deductions even if the criteria are met. Thus, the failure to grant correctional incentive time to an inmate does not alter or extinguish a protected right or status and therefore does not deprive inmates of any protected liberty interest. Consequently, Cannon's arguments regarding an unconstitutional denial of correctional incentive time are indisputably

---

[1](...continued)
offense rendering an inmate ineligible for correctional incentive time is set forth at Ala. Code §15-20A-4(26), which defines a sex offense involving a child as "[a] conviction for any sex offense in which the victim was a child or any offense involving child pornography." Thus, there is no effective difference for Cannon under § 14-9-41(e) before and after the June 2015 amendment.

meritless as they allege "infringement of a legal interest which clearly does not exist." *Robinson v. Deloach*, 2009 WL 1116838, at *5 (M.D. Ala. Apr. 24, 2009) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice.

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner.  The petitioner is DIRECTED to file any objections to this Recommendation on or before January 4, 2017.  Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 21st day of December, 2016.

_____/s/ Wallace Capel, Jr._____
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE